IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CONNOR McCLUSKEY, JANEACE McCLUSKEY,
MANI GOLE, and BUDHI GOLE,

Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I and AMERICAN FAMILY INSURANCE COMPANY,

Defendants.

OPINION and ORDER

20-cv-1002-jdp

---

Four motions are before the court in this proposed class action about an insurance dispute: (1) plaintiffs' motion for leave to file an amended complaint to add Refugio Celaya and Donna Charney as named plaintiffs and narrow the scope of the proposed class, Dkt. 71; (2) a motion filed by Celaya and Charney to intervene if the motion for leave to amend is denied, Dkt. 81; (3) plaintiffs' motion for a pretrial status conference regarding how to add Dahl Willis and Shelly Willis to the case, Dkt. 89; and (4) a joint motion by plaintiffs, Celaya, Charney, and the Willises to add the Willises as plaintiffs, Dkt. 90.[1] For the reasons explained below, the court will grant plaintiffs' motions for leave to amend their complaint to add the four new plaintiffs and narrow the scope of their proposed class. This moots the motions to intervene and the request for a status conference. The court will also direct plaintiffs to show cause why the four current plaintiffs should not be dismissed, along with their claims under Ohio law.

---

[1] The parties have not completed briefing on Dkt. 90, but that motion is based on the same arguments as Dkt. 71 and Dkt. 81, so the court can decide the motion on the previously filed briefs, and the joint mention to amend the briefing schedule on Dkt. 90 will be denied.

## BACKGROUND

This case involves property insurance policies issued by defendants American Family Mutual Insurance Company, S.I. and American Family Insurance Company (collectively, "American Family"). Plaintiffs contend that the way American Family calculates the "actual cash value" of damaged property violates American Family's own policies. Specifically, plaintiffs say that American Family is wrongly depreciating the cost of labor when it determines the property's actual cash value.

The proposed scope of the class includes Arizona, Illinois, Ohio, South Carolina, Utah, Virginia and Wisconsin insureds, but each of the named plaintiffs is an Ohio resident. In 2021, the court stayed the lawsuit pending resolution of two earlier filed lawsuits raising the same issue but limited to Ohio residents. Dkt. 65 (citing *El-Far v. American Family Mutual Insurance Co.*, No. 20-cv-1049 (N.D. Ohio filed May 14, 2020), and *Fox v. American Family Insurance Co.*, No. 20-cv-1991 (N.D. Ohio filed Sept. 3, 2020)). Those two lawsuits were consolidated into one class action and then resolved through a court-approved settlement.

Plaintiffs now seek to add four new plaintiffs to the case, three Arizona residents (Celaya and the Willises) and one Wisconsin resident (Charney). They also seek to limit the proposed class to residents of Wisconsin, Arizona, Illinois, and Ohio.

## ANALYSIS

The parties agree that the Ohio lawsuits that prompted a stay in this case have been resolved and that the stay can be lifted. The dispute is over what to do next. Plaintiffs say that they should be permitted to amend their complaint under Federal Rule of Civil Procedure 15 to add four named plaintiffs who are residents of Wisconsin or Arizona, two states that are

part of the proposed class. American Family says that the named plaintiffs are members of the class in the Ohio lawsuit and that the settlement in that case mooted plaintiffs' claims, requiring dismissal of this case for lack of jurisdiction. In other words, American Family's position is that the court lost jurisdiction the moment the Ohio lawsuit settled, so it is too late for plaintiffs to amend their complaint.

American Family is conflating jurisdiction with other procedural rules. If a party settles and then releases a claim in one lawsuit, a subsequent lawsuit asserting the same claim isn't barred because it is "moot." Rather, depending on the scope of the agreement, the new lawsuit may be barred by a release, or, if the first case was dismissed with prejudice, by the doctrine of claim preclusion. *See Winnie v. Town of Fortville*, 891 F.3d 330, 333–34 (7th Cir. 2018); *Kilburn–Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 638 (7th Cir. 2010); *Dupuy v. McEwen*, 495 F.3d 807, 809–10 (7th Cir. 2007). But claim preclusion and releases are affirmative defenses, not jurisdictional issues. *See Green v. Illinois State Board of Education*, 849 Fed. Appx. 593, 595 (7th Cir. 2021); *American Homeland Title Agency, Inc. v. Robertson*, 930 F.3d 806, 810 (7th Cir. 2019); *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015); *Onischuk v. Johnson Controls Inc.*, 182 Fed. Appx. 532, 533 (7th Cir. 2006).

American Family cites no case law holding that a court loses jurisdiction in a situation like this one, in which the named plaintiffs are members of a class in another case that settled. Rather, American Family relies on cases in which the court of appeals held that a plaintiff may not settle a case and then continue litigating the same case. *See, e.g.*, *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383–84 (7th Cir. 2018); *Muro v. Target Corp.*,

580 F.3d 485, 491 (7th Cir. 2009).[2] None of the plaintiffs have settled their claims in this case, so the authority American Family cites isn't instructive. In any event, even when the named plaintiffs' claims are dismissed before class certification, dismissal isn't required, so long as new named plaintiffs are substituted. *Phillips v. Ford Motor Co*., 435 F.3d 785, 787 (7th Cir. 2006).

Under Rule 15(a)(2), the court may grant leave to amend a pleading "when justice so requires." American Family's only argument against granting leave is that the case is moot. That argument isn't persuasive, so the court will allow plaintiffs to amend their complaint.

This leaves one question, which is the status of the four Ohio plaintiffs and the proposed class of Ohio residents. For reasons they don't explain, plaintiffs' proposed amended complaint retains the Ohio claim, along with the four Ohio plaintiffs. The court still has jurisdiction over those claims, but that doesn't mean they should remain in the case. Plaintiffs don't challenge defendants' representation that the Ohio plaintiffs are members of the class in the Ohio lawsuit and that the Ohio district court approved that settlement. Plaintiffs also don't identify any differences between the Ohio claim in this case and the claim in the Ohio lawsuit. Under these circumstances, it is not clear why the Ohio plaintiffs or the proposed Ohio class claim should remain part of this case. So the court will give plaintiffs an opportunity to either: (1) file an amended complaint that removes the Ohio plaintiffs and claims; or (2) show cause why the Ohio plaintiffs should remain in the case.

---

[2] American Family also relies on *Damasco v. Clearwire Corp*., 662 F.3d 891, 895 (7th Cir. 2011), but that case was overruled by *Chapman*, 796 F.3d at 786.

ORDER

IT IS ORDERED that:

1. The order staying this case is LIFTED.

2. The motion to amend the briefing schedule, Dkt. 92, is DENIED.

3. Plaintiffs' motions for leave to amend the complaint, Dkt. 71 and Dkt. 90, are GRANTED.

4. The motion to intervene, Dkt. 81, and motion for a status conference, Dkt. 89, are DENIED as moot.

5. Plaintiffs may have until June 23, 2023, to either: (1) file an amended complaint that both reflects the proposed amendments and removes the Ohio claims and plaintiffs; (2) file an amended complaint that reflects the proposed amendments and show cause why the Ohio plaintiffs and claims should not be dismissed.

Entered June 15, 2023.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge